ARMAND PROCACCIANTI *d.b.a.* VETERANS WHOLESALE FRUIT AND PRODUCE *vs.* RUSH STURGES.

AUGUST 18, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This action of trespass on the case for negligence was tried before a justice of the superior court sitting without a jury and resulted in a decision for the defendant. It is before us on the plaintiff's exception to such decision.

It appears from the evidence that on June 26, 1951 about 12:15 p.m. plaintiff's truck, loaded with fruit and produce, was being operated by Joseph Hendricks, an agent and employee of plaintiff, in a southerly direction on Tower Hill Road, a public highway in this state; that as it was passing a private driveway on its left, referred to in plaintiff's declaration and in his brief as "Shepard's Run" and in the decision of the trial justice as "Sturges' Run," an automobile operated by defendant emerged from such driveway, crossed to the right or westerly lane of Tower Hill Road, and there was involved in a collision with plaintiff's truck.

The driver of the truck, who was plaintiff's sole witness on the question of liability, testified that he was very familiar with Tower Hill Road since he drove over it six or seven times a week; that he did not know of the driveway from which defendant's car emerged; that he was traveling in his right lane about 30 to 35 miles per hour when defendant's car came out of a side road; that "It was coming into the door end of it [the truck], and in order to avoid him from hitting me I threw me in the ditch, but he still hit the rear end of my truck." The driver further testified that he first saw defendant's car "When he was on top of the truck"; that defendant was then "about half way across the cement

highway leading into my door"; that he swung to the right when he saw the car approaching him but was unable to avoid a collision; and that his truck was struck at the rear left wheel and step. As a result of the collision plaintiff's truck was forced entirely off the road into a ditch, where it turned over on its side, came to rest against a stone wall, and was badly damaged. There was also loss and damage to the contents of the truck.

The defendant testified that as he came out of the driveway he stopped at the edge of the roadway, looked to the south along the Tower Hill Road, and saw a car coming north about a half mile away; that he waited until this car passed; that he then looked to the north, saw no traffic coming from that direction, and then proceeded into Tower Hill Road; that when his front wheels were about one foot over the middle line of the road in the right-hand lane his car stalled; that about two seconds elapsed after he was stalled when he was hit by plaintiff's truck; that he did not know what part of the truck was in contact with his car; and that he first saw the truck after it had struck and passed him.

He further testified that the damage to his car was very minor, and that the impact bent the front bumper, doubled it back, and made a dent in the right front mudguard. The evidence is undisputed that the day was clear, and the roadway was dry at the time and place of the accident. It appeared that the highway curved somewhat at a point north of the scene of the collision, that is, in the direction from which plaintiff's truck was coming. The plaintiff's driver placed this curve about a mile and a half away from the driveway while defendant placed it at a distance of about 400 yards.

In a decision carefully reviewing the evidence the trial justice concluded that the defendant was negligent in failing to see the plaintiff's car, since on defendant's own testimony there was nothing to obstruct his view to the north for at least 400 yards, and that to cross the highway into the right

lane in the circumstances without seeing what was coming was clearly negligent on his part. He also found that plaintiff's driver was negligent in failing to see defendant's car crossing from the driveway at his left and proceeding slowly a distance of 7 to 9 feet into the Tower Hill Road from the point where he was stopped in the driveway at the left side of that road; that if plaintiff's driver had been keeping a proper lookout he should have seen defendant before he was three feet away; and that he could have avoided the accident by passing the stalled car on the right.

It is well established that where, as here, the parties submit their case on the law and the facts to a trial justice sitting without a jury, his decision is entitled to great weight and should not be set aside unless it is clearly wrong or fails to do substantial justice between the parties. *Vitullo* v. *Ambrosino*, 78 R. I. 354, 357; *Troia* v. *Leone*, 74 R. I. 271, 275.

We have carefully reviewed the transcript of testimony and we cannot say that the trial justice was clearly wrong in finding both plaintiff and defendant guilty of negligence. The plaintiff's driver, if keeping a reasonable lookout, had an opportunity to see defendant in time to slow down or change his course long before he was three feet away. But up to that moment he admittedly saw nothing and did nothing to attempt to avoid the collision, although there was substantial room to pass in the westerly lane if he slowed down or changed the truck's course sooner.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment for the defendant on the decision.

CONDON, J. dissents.

*Bernard C. Gladstone,* for plaintiff.

*Francis V. Reynolds, Joseph V. Cavanagh,* for defendant.